UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:15-cr-0184-1 |
| v. ) | Chief Judge Sharp/Bryant |
| ) | |
| LLOYD MONTGOMERY, ) | |
| ) | |
| Defendant ) | |

**MEMORANDUM AND ORDER**

The United States has filed its motion for a protective order (Docket Entry No. 15) which seeks an order prohibiting defense counsel from providing Defendant Montgomery with copies of certain discovery materials to retain for himself (Docket Entry No. 15). Defendant has responded in opposition (Docket Entry No. 18) and the United States has filed a reply (Docket Entry No. 20).

Defendant Montgomery has been indicted on one count of conspiracy to distribute oxymorphone and oxycodone, 11 counts of distribution of oxymorphone and oxycodone, and two counts of possessing firearms as a convicted felon (Docket Entry No. 21). According to the Government's motion, it provided certain discovery materials to defense counsel in advance of a detention and preliminary hearing scheduled for October 7, 2015. The Government asserts that although these discovery materials have been redacted, they nevertheless contain sensitive information, including reports of investigations produced in connection with alleged controlled

purchases of drugs and guns and audio and video recordings (Docket Entry No. 15 at 1).

The Government states that it has "concerns, in particular, that dissemination of these materials could result in the intimidation of, or retaliation against, potential government witnesses." In addition, the Government states that it is "concerned, finally, that dissemination of these materials could reveal operational details that would compromise ongoing government investigations." (Docket Entry No. 15 at 2). The Government seeks a protective order pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure "permitting defense counsel to review these discovery materials with the defendant, but preventing defense counsel from providing the defendant with copies of those materials to retain for himself." (*Id.*)

Defendant Montgomery, in his response, argues that the Government has failed to show that this case is any different from other cases the Government routinely prosecutes using confidential informants. Defendant insists that the "concerns" upon which the Government's motion is based are wholly theoretical and speculative, and that the Government has failed to provide or suggest any specific, articulable information suggesting that Defendant Montgomery has engaged, or would engage, in any particular conduct that would justify a protective order.

Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides in pertinent part that at any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The advisory committee notes to the 1974 amendment to this rule make it clear that a protective order "would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed." Here, the Government bases its motion for a protective order upon expressed "concerns" that allowing Defendant Montgomery to retain copies of these discovery materials could expose potential witnesses to intimidation or retaliation and could reveal operational details that would jeopardize ongoing investigations. However, beyond the bare statement of these concerns, the Government has failed to include any evidence or claim specific to Defendant Montgomery what would raise the Government's concerns above the level of speculation. In addition, since the relief requested here by the Government expressly permits defense counsel to review these discovery materials in detail with Defendant Montgomery the undersigned Magistrate Judge is not persuaded that the Government has demonstrated good cause for the relief it seeks.

For the reasons stated above, the undersigned finds that the Government's motion for protective order should be **DENIED**.

It is so **ORDERED**.

                                                 /s/  John S. Bryant
                                                 JOHN S. BRYANT
                                                 United States Magistrate Judge